**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 10:59 AM December 14, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| IRENE M. STARR, | ) | CASE NO. 09-64079 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| | ) | |

Now before the court is Advantage Bank's objection to Debtor's claimed homestead exemption in residential real estate.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984, now superseded by General Order 2012-7 dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## FACTS

Debtor filed a chapter 7 case on October 1, 2009. On Schedule A, she listed ownership in residential real estate identified by the address of 1725 Fallen Timber Street, N.E., Canton, Ohio. She valued the property at $260,000.00 but noted the Stark County Auditor's valuation of $306,100.00. She claimed an exemption of $20,200.00 in the property under O.R.C.

1

§ 2329.66(A)(1)(b).

Debtor identified three secured claims against her residential real estate: a statutory lien for unknown real estate taxes; a 2008 mortgage in favor of Chris Starr, debtor's ex-husband, valued at $200,000; and a lien in favor of Advantage Bank arising from a 2009 cognovit judgment. The latter was secured by two judgment liens filed in the Stark County Court of Common Pleas against Debtor and others, one dated April 17, 2009 and the other dated May 5, 2009. Both secured a judgment of $779,782.06, plus interest, late charges and costs. (Debtor's M. Avoid Lien, Ex. C, ECF No. 14.)

Debtor also disclosed on Schedule B the existence of The Irene M. Starr Trust ("Trust"), valued at $0. Contrary to the representations in the schedules, the Trust, not Debtor, holds title to the residential real estate via a General Warranty Deed recorded on May 18, 2006. (Id., Ex. A.) Although the parties did not introduce a copy of the Trust for the purposes of this matter, the court takes judicial notice of the Restatement of Trust Agreement, Defendant's exhibit thirteen in the related adversary case, Advantage Bank v. Starr, Adv. No. 10-6007. (Def.'s Ex. List, Ex. 13, ECF No. 72.) The restatement, dated May 10, 2006, amended a 2001 trust agreement. Irene M. Starr is identified as both the donor and the trustee of the trust in the 2006 restatement.

Both the chapter 7 trustee, Michael V. Demczyk, and Advantage Bank objected to Debtor's homestead exemption. The trustee withdrew his objection on November 8, 2012, leaving Advantage Bank's objection for consideration.

## DISCUSSION

The parties call upon the court to determine Debtor's entitlement to a homestead exemption in the real estate titled in the name of the Trust, which Debtor occupies as a residence. At the time this case was filed, Ohio Revised Code § 2329.66(A)(1)(b) provided for a $20,200.00 homestead exemption. Under the statute:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
>     \*    \*    \*
>
> (1)(b) In the case of all other judgments and orders, the person's interest, not to exceed twenty thousand two hundred dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

At issue in this case is what type of property "interest" qualifies for protection. The court is surprised at the dearth of case law on the issue. There was a time in the recent past when

2

self-settled trusts were being hawked in every cheap hotel in the state by every type of salesperson known to humankind. One would expect to find much more litigation as a result of the sheer number of these documents that were created. It is possible that they were so little understood that few ever funded their "cures all ills" trust, but the lack of case law is still puzzling.

Exemptions allow a debtor to protect property of the estate. Under an exemption scheme, a debtor is able to exclude assets or amounts from the estate that would otherwise be available to creditors. 11 U.S.C. § 522(b)(1). In Ohio, the purpose of the Ohio exemption scheme "is to protect from creditors' legal process those debtors with minimal assets . . . ." Daugherty v. Cent. Trust Co. of Northeastern Ohio, N.A., 28 Ohio St.3d 441, 447 (1986) (citations omitted). Federal courts recognize that the exemptions serve to assist in a debtor's fresh start, serving a "remedial purpose [by] affording the debtor life's basic necessities." In re Wycuff, 332 B.R. 297, 300 (Bankr. N.D. Ohio 2005). To further this goal, exemption statues are liberally construed. Daugherty, 28 Ohio St.3d at 447. The objector to an exemption bears the burden of proof. Fed. R. Bankr. P. 4003(c).

Under 11 U.S.C. § 541(a)(1), property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Unlike other property, a trust "fundamentally involves a separation of the legal and equitable or beneficial interests in property." UAP-Columbus JV326132 v. Young, 2010 WL 532443, *4 (Ohio App. 10 Dist. 2010) (citing In re Bicknell, 108 Ohio App. 51, 54 (Ohio App. 3rd Dist. 1958)). In order to have a valid trust, the legal and equitable interests cannot reside in the same person. UAP-Columbus, 2010 WL 432443, *4 (citing Bicknell, 108 Ohio App. at 55). The legal interest in a trust is held by the trustee, while the equitable interest is held by the beneficiary. Pack v. Osborn, 117 Ohio St.3d 14, 16 (2008) (citing Restatement of the Law 2d, Trusts (1959), § 2, comment f.); *see also* Yoppolo v. Allen (In re Allen), 415 B.R. 310, 314 (Bankr. N.D. Ohio 2009).

The Bank does not deny that the real estate is property of the bankruptcy estate, but argues it did not come into the estate because of an interest of Debtor in the property. According to the Bank, Debtor's transfer of the real estate into the Trust left her with no "personal" interest in the real estate that could pass to the bankruptcy estate, only a beneficial interest. (Obj. of Advantage Bank to Debtor's Claim of Exemptions, p. 1, ECF No. 22.) Under Bank's argument, the trust corpus, including the real estate, is property of the estate by virtue of O.R.C. § 5805.06(A)(1), which provides that trust property in a revocable trust remains subject to creditor claims. This contention is not supported by the bankruptcy code or legal authority. Property comes in to the estate because of Debtor's relationship to it.

The Bank completely ignores the fact that '[i]n a trust, the trustee (and not the beneficiary), holds legal title to the trust corpus.' Bd. of Educ. of the Columbus City Sch. Dist. v. Wilkins, 106 Ohio St.3d 200, 202 (2005) (citing Goralsky v. Taylor, 59 Ohio St.3d 197, 198 (1991)). Debtor is the trustee and her powers as trustee are broad. Article 2(a) provides that Debtor "reserve[s] the following rights exercisable without the consent or approval of any other person including the Trustee or any beneficiary . . . (a) to amend the trust agreement, revoke the trust, or withdraw any of the property held in the trust." (Advantage Bank v. Starr, Adv. No. 10-6007, Def.'s Ex. List, Ex. 13, p. 2, ECF No. 72.) This unfettered power, and the attendant legal interest, passed to the

3

chapter 7 trustee when Debtor filed bankruptcy. While neither Debtor, nor the bankruptcy estate, has legal title to real estate at issue, the estate has broad authority and control of that property, including the right to revoke the trust or to withdraw the real estate from the trust, just as Debtor had before filing bankruptcy. As this court recently recognized, '[t]he degree of control that the debtor may exercise over the trust assets is a crucial factor in determining the issue of inclusion in, or exclusion from, the bankruptcy estate.' Rosen v. Heifner (In re Heifner), 2012 WL 2579277, *3 (Bankr. N.D. Ohio 2012) (citing Hunter v. Ohio Citizens Bank (In re Hotchkiss), 75 B.R. 115, 117 (Bankr. N.D. Ohio 1987) (other citation omitted)). With Debtor's broad control over the property as trustee under the Trust, legal title is nearly immaterial. Clearly, the legal interest in the property passed to the bankruptcy estate by virtue of Debtor's trusteeship of the Trust. There is no dispute that Debtor's beneficial interest also became property of the estate.[1] 11 U.S.C. § 541(a)(1). The court must now determine whether Debtor's interests in the real estate give rise to the homestead exemption.

Relying on O.R.C. § 2329.01, the Bank argues that the exemption statute only protects vested legal interests in land and tenements. Using this statute as a springboard, the Bank argues that since a creditor could not reach a beneficial interest in real estate, a judgment debtor cannot exempt it. Bank's reliance on Ohio Revised Code § 2329.01, and cases that stand for the proposition that non-vested legal interests are not subject to execution, is misguided. By its terms, the statute is distinguished from § 2329.66: it describes property which is subject to execution and sale for the purposes of §§ 2329.02 to 2329.61. Second, even it if did apply, the legislature, in defining what property is subject to execution, used the phrase "including vested legal interests" in § 2329.01. In the exemption statute, the legislature was not as specific, instead using only the phrase "person's interest." The court cannot read the terms co-extensively.

The Bank failed to carry its burden of proof that the exemption does not apply to Debtor's interest in the real estate. On similar facts, other courts have applied a homestead exemption to beneficial interests. *See, e.g.,* In re Edwards, 356 B.R. 807 (Bankr. M.D. Fla. 2006); In re Alexander, 346 B.R. 546 (Bankr. M.D. Fla. 2006); Redmond v. Kester, 284 Kan. 209 (Kan. Sup. Ct. 2007). In the absence of an opinion from the Ohio Supreme Court, the Bank is correct that this court must predict how an Ohio court would rule on the issue. *See* In re Kimble, 344 B.R. 546, 552 (Bankr. S.D. Ohio 2006) (citations omitted). Bearing in mind the liberal interpretation standard for exemptions, the court concludes that state courts would rule in favor of application of allowance of the exemption on these facts.

In construing homestead exemption statutes for real estate tax purposes, courts have been very favorable to interpretations which allow the homestead exemption in order to maximize the benefit to the person seeking the exemption, including situations involving trusts. *See, e.g.,* Gilman v. Hamilton Co. Bd. of Revision, 127 Ohio St.3d 154 (2010); Wilkins, 106 Ohio St.3d 200;

---

[1] Other beneficiaries are named under the Trust, including Debtor's brother, William Gray, and her lineal descendants. Although the interests of Debtor's brother and descendants arise after Debtor's death, the interests are vested, making Debtor's brother and her lineal descendants beneficiaries under the Trust, notwithstanding the fact they hold contingent interests subject to defeasance. *See* UAP-Columbus v. Young, 2010 WL 532443 *5 (relying on First Nat'l Bank of Cincinnati v. Tenney, 165 Ohio St. 513 (1956); O.R.C. § 5801.01(C)). As a result, the trust does not fail because the single beneficiary is also the sole trustee. O.R.C. § 5804.02(A)(5).

4

Goralsky, 59 Ohio St.3d 197. These courts focused on ownership, which the court views as more confining than proof of an "interest" in property. In Ohio, an owner of real estate 'is commonly understood to mean the person who holds legal title.' Performing Arts Sch. of Metro. Toledo, Inc. v Wilkins, 104 Ohio St.3d 284, 287 (2004) (construing term "owner" narrowly to favor the taxpayer) (citing Bloom v. Wides, 164 Ohio St. 138, 141 (1955)). In Gilman, the trust was settled by Mrs. Gilman's deceased husband. Upon his death, she became the beneficiary of the trust and the trustee. She applied for a homestead exemption on property titled to the trust. The statute defined an owner to include "a settlor of a revocable inter vivos trust holding the title to a homestead occupied by the settlor . . . ." Gilman, 127 Ohio St.3d at 157 (referencing O.R.C. § 323.151). The court found the definitions of "owner" in the statute was not exclusive and concluded that "a dwelling that is held in trust may qualify as a 'homestead' when the trustee is an individual who occupies the property as a home." Gilman, 127 Ohio St.3d at 159. Similarly, Wilkins determined that Columbus State, as trustee and remainderman of a charitable trust, was an "owner" of property and could seek a tax exemption under O.R.C. § 5715.27. These cases convincingly demonstrate that Ohio courts consistently expand their understanding of what constitutes ownership of real estate held in a trust when the homestead tax exemption is at issue. The court has no reason to find that Ohio courts would be less favorable in interpreting a person's "interest" in property to allow for for application of the homestead exemption under O.R.C. § 2329.66(a)(1)(B).

Additionally, other courts have applied the homestead exemption expansively to a variety of interests. For example, dower interests, which are defined as "inchoate life estates" by Ohio law, were found to be exemptible under the homestead exemption. *See, e.g.,* In re Rudicil, 343 B.R. 181 (Bankr. S.D. Ohio 2006). In Kimble, the court read "interest" to encompass a debtor's remainder interest. 344 B.R. 546, 554-55.

None of the cases cited by the Bank persuade the court to limit application of the exemption. The Williams case is not on point. Williams v. OH Dep't of Job and Family Serv., 2012 WL 4788109 (Ohio App.3 Dist. 2012) (reporter citation not yet available). In that case, Mrs. Williams entered a nursing home and sought Medicaid assistance. Based on improper transfers in the applicable look-back period, her Medicaid assistance was limited for a period of time. The court examined a transfer of her interest in her residence, which she shared with her spouse, under applicable Ohio Administrative Code provisions. The exemption provision includes a requirement that "[t]he deed to the home must be in the individual's or individual's spouse name." Ohio Admin. Code 5101:1-39-31(C). No similar requirement exists under the homestead exemption statute in O.R.C. § 2329.66. Interestingly, the Bank completely disregarded references in the opinion to the Ohio Administrative Code provision discussing revocable trusts, which elects to treat the corpus of the trust as a "resource available to the individual." Ohio Admin. Code 5101:1-39-27.1(C)(2).

The court is well aware that this leads to an unfair result. The exemption statute is written so broadly that Debtor receives its benefits yet the same reach may not be accorded to the judgment lien statute,[2] which creates a result in which debtors not only have their cake but can

---
2 Advantage Bank stipulated that the judgment lien did not attach to Debtor's beneficial or equitable interest in the

wave it at their creditors, too.   Creditors could bring complex proceedings in aid of execution, but the simple elegance of the judgment lien statute is that it is uncomplicated and cheap in matters in which the absence of money is the sole issue.

The court is impelled by the language of the exemption statute, which is broad, in contrast to other creditor/debtor statutes in which the language is narrow.   This is not a fair result, but it is the one compelled by an honest reading.   Although it is tempting to construct an artifice to "save" the law, the saving must be done by the legislature, which drafts these statutes.[3]

## CONCLUSION

Debtor resides in real estate that is deeded to her self-settled trust, over which she is Trustee.   When she filed bankruptcy, her beneficial and legal interests in the Trust became property of the bankruptcy estate.   As trustee, she held legal title to the real estate comprising part of the trust corpus, with the ability to exercise significant control over the property.   Considering the nature and extent of her interests in the property, and the liberal interpretation favored for exemption statutes, the court finds Debtor's interest in the property sufficient to permit her claim of exemption in the residential real estate.   Advantage Bank's objection to confirmation is overruled and an order will be entered immediately.

#     #     #

**Service List:**

Anthony J DeGirolamo
116 Cleveland Ave., N.W.
Suite 307
Canton, OH 44702

Michael V Demczyk
PO Box 867
12370 Cleveland Ave NW
Uniontown, OH 44685

John L Chaney
Ray P Drexel
Gamble Hartshorn LLC
One E Livingston Ave
Columbus, OH   43215-5700

---

Trust.   (Agreed Order on Debtor's M. to Avoid Judicial Liens, ECF No. 28.)
3 Nothing in this discussion prevents a bankruptcy trustee from selling the real estate.   It just means that Debtor receives the benefit of the exemption.

6

James R Russell Jr
Peter G Tsarnas
Goldman Rosen
11 S Forge St
Akron OH   44304